IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHNNY JOSEPH,

            Petitioner,

    v.                               CASE NO. 13-3146-RDR

CLAUDE MAYE,

            Respondent.

## MEMORANDUM AND ORDER

This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas (USPL). Having examined the materials filed, the court finds that petitioner has not satisfied the filing fee and fails to state a claim. He is given time to cure these deficiencies.

## FILING FEE

The statutory fee for filing a federal habeas corpus petition is $5.00. Petitioner has neither paid the fee nor submitted a motion to proceed in forma pauperis (IFP). This action may not proceed until the filing fee is satisfied in one of these two ways. A prisoner seeking to bring a habeas action without payment of fees must submit an affidavit that includes a statement of the prisoner's assets. 28 U.S.C. § 1915(a)(1). In addition, the prisoner must submit a certified accounting of the funds available to him in his

1

institutional account.  D.Kan.Rule 9.1(g);[1] see Rules Governing Section 2254 Cases in the United States District Courts, Rule 3(a)(2)(habeas petition must be accompanied by "a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution"). Petitioner is ordered to either pay the filing fee or file a proper motion to proceed in forma pauperis upon forms provided by the court that is supported by the necessary financial information.  The clerk shall be directed to send forms to petitioner for filing a proper IFP motion.  If Mr. Joseph does not satisfy the filing fee within the prescribed time, this action may be dismissed without prejudice and without further notice.

**ALLEGATIONS AND CLAIMS**

As the factual basis for his petition, Mr. Joseph alleges as follows.  While an inmate at the USPL, he was charged in an Incident Report (IR) with the prohibited act of Possession of a Hazardous Tool,

---

[1] D.Kan.Rule 9.1(g)(2)(A) provides:

Where a petitioner, movant, or plaintiff is an inmate of a penal institution and desires to proceed without prepayment of fees, he or she must also submit a certificate executed by an authorized officer of the institution in which he or she is confined. The certificate must state the amount of money or securities on deposit to his or her credit in any account in the institution.

Code 108.[2]  In the IR under "Description of Incident," which was section 11, it was reported that:  "On the above date and time I, Ofc. J. Obas while conducting my daily shakedown discovered the vent in room GO2-912 which house (sic) Inmate Joseph, Johnny # 96454-071 partly unscrewed," and a green and black AT&T Samsung cell phone inside the vent.  Petition (Doc. 1) at 4,5.  It is not disputed that at the time of the incident, Mr. Joseph was housed in Cell 912.  Section 6 of the IR was "Place of Incident."  In Section 6, it was reported that the incident occurred in "GO2-921U."  Thus, the cell number in section 6 is different from the number written in Section 11.  Section 11 is also different in that a "U" followed the cell number, which designated the upper bunk rather than the lower bunk.  Petitioner argues that this U suggests a different location for the phone rather than that of the AC vent.

Other than the phone, the IR was the only evidence against Mr. Joseph.  In response to the charge, he stated that: "The phone is not mine," and "I have never seen the phone."  The reporting officer was not called to clarify the varying information.  Petitioner was found guilty by the Disciplinary Hearing Officer (DHO) on August 2, 2012, and was sanctioned with a loss of good time.  He appealed to the Regional Office of the Bureau of Prisons (BOP), which concurred

---

2    Mr. Joseph does not provide either a copy of the IR or its date.  However, the "actions of the Discipline Hearing Officer" of which he complains were taken in either July or August 2012.  Thus it is assumed that the IR was written near that time.

with the DHO's interpretation of the incident.  Petitioner claimed that he had asked for cell-phone use records to be produced, but was told they were not relevant because he was charged with possession not use of the cell phone.  He was also told that the record revealed he never requested evidence/documents.  In response to his claim that he did not commit the prohibited act, he was told that contraband had been found in a common area of his cell when it was his responsibility to keep his cell free of contraband.  Petitioner exhibits the Response to his Regional Administrative Remedy Appeal that he received on November 1, 2012.  With respect to the IR containing conflicting information, it provides in part:

> [Y]ou complain two conflicting locations of incident were identified in the DHO report.  Contact with the institution revealed this was a typographical error and staff inadvertently identified the wrong location in Section 11.  This was verified through review of your inmate quarters history form.

Petition (Doc. 1-1) Exhibit.  He appealed to the Office of General Counsel in November 2012 but received no response, and was advised by staff to continue as if denied.

Petitioner claims that the IR was contradictory and ambiguous on its face and that the question of which facts should be credited was not resolved.  He further claims that the IR was "full of mistaken information" and "fundamentally unreliable," so that there was no evidence or "clearly not sufficient substantial evidence to support the disciplinary findings."  He argues that if "one discounts the

4

conflicting information in the IR," no evidence remains.

Mr. Joseph asserts a violation of due process. He seeks expungement of the incident from his record and restoration of good time.

**<u>FAILURE TO STATE A CLAIM</u>**

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court held that the Due Process Clause provides certain minimum protections for inmates facing the loss of good time credits as a disciplinary sanction. However, the "full panoply of rights due a defendant in [criminal] proceedings does not apply" in prison disciplinary proceedings because they are not part of a defendant's criminal prosecution. *Wolff*, 418 U.S. at 556. Rather, the Court held in *Wolff* that an inmate must receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied upon and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985)(discussing *Wolff*, 418 U.S. at 563-67). If the foregoing protections are afforded, the reviewing court must only be able to ascertain "some evidence" in the proceedings below in order to uphold the disciplinary action. *Id.* (quoting *Hill*, 472 U.S. at 455)(internal quotation marks

5

omitted)("the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits."). As the Court in *Hill* explained, this standard of proof is not demanding because "[a]scertaining whether this standard is satisfied does not require examination of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455–56; *Mendoza v. Tamez*, 451 Fed.Appx. 715, 717 (10th Cir. 2011)(unpublished) [3] ("The 'some evidence' standard is not exacting."). Due process "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board," *id.* at 457, as long as "the record is not devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." The disciplinary decision will be upheld even if the evidence supporting the decision is "meager." *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996)(citing *Hill*, 472 U.S. at 457). The "relevant inquiry is what process (the inmate) received, not whether the [hearing officer] decided [his] case correctly." *Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011)(per curiam).

The fact that the only evidence other than the phone against Mr. Joseph was the IR, taken as true, does not entitle him to federal

---

3  This and other unpublished opinions are cited herein as persuasive authority pursuant to Tenth Circuit Rule 32.1.

6

habeas corpus relief. "The information provided in a written incident report, standing alone, can satisfy the 'some evidence' standard." *Love v. Daniels*, 2012 WL 6923719, *7 (D.Colo. 2012), *R&R adopted*, 2013 WL 247778 (D.Colo. Jan. 23, 2013)(citing *Hill*, 472 U.S. at 456)(prison guard's copies of his written report supported conclusion that the evidence before the disciplinary board was sufficient to meet the requirements imposed by the Due Process Clause); *Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001)(information contained in an incident report is "some evidence" of inmate's guilt)). The IR is the reporting officer's version of the events giving rise to the disciplinary charge. Even where an inmate questions the credibility of the reporting officer's statements, a court is not required "to make credibility determinations or reweigh the evidence." *See Hill*, 472 U.S. at 455-56. Thus, contrary to petitioner's argument, "it is proper to rely upon a written report" in a prison disciplinary proceeding. *See Id.* at 456; *Smith v. Samu*, 54 F.3d 788, at *2 (10th Cir. May 10, 1995)(unpublished)(rejecting claim that it was improper to rely on prison guard's report because it was hearsay). *Ruelas v. Zuercher*, 240 Fed. Appx. 796, 797 (10th Cir. 2007)(unpublished)("[incident] report alone constitutes 'some evidence' of Petitioner's guilt" and due process requirements were thus satisfied.); *Longstreth v. Franklin*, 240 Fed.Appx. 264, 267 (10th Cir. 2007)(unpublished)(Uncorroborated incident report submitted in

7

disciplinary proceeding constituted "some evidence" of prisoner's guilt, and relief in federal habeas corpus would not lie from hearing officer's determination based on such report.)(citing *Hill*, 472 U.S. at 455-56).

Here, according to petitioner's own allegations a cell phone was found in a cell during a shakedown and the reporting officer stated that the cell in which he found the phone was petitioner's cell. Petitioner does not deny that there was a cellphone found in a vent in his cell. Instead, he alleges that it was not his phone and he had never seen it. Thus, the finding of guilty was supported by "some evidence."

The Tenth Circuit Court of Appeals has held that a misconduct report in combination with the presumption of constructive possession is sufficient evidence to meet the "some evidence" standard. See *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 812 (10th Cir. 2007). The presumption of constructive possession makes an inmate responsible for anything found in his cell absent evidence that makes a finding that the inmate possessed the item so unreliable that it does not satisfy the minimum constitutional "some evidence" standard. See *Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992). In *Howard,* the Tenth Circuit Court of Appeals indicated its agreement with "[t]he proposition that constructive possession provides 'some evidence' of guilt when contraband is found where only a few inmates have access." *Howard*, 487 F.3d at 812 (citing

8

*Hamilton*, 976 F.2d at 345).[4] This court has upheld the application of the presumption of constructive possession on facts similar to those alleged by petitioner. See *Miskovsky v. Parker*, 2007 WL 4563671, *9 (W.D. Okla. Dec. 31, 2007), *appeal dismissed*, 285 Fed.Appx. 570 (10th Cir. 2008)(citing e.g., *Thompson v. Hawk*, 978 F.Supp. 1421, 1422-24 (D.Kan. 1997)(finding that presumption of constructive possession was appropriately applied in case where weapon was found in light fixture of cell occupied exclusively by habeas petitioner despite the petitioner's allegations that he had no knowledge of the weapon in the fixture, no access to the fixture because it required a special tool to open, other inmates could access petitioner's cell under prison policy permitting cell doors to be open during the day, and where shakedown records failed to demonstrate cell had been searched prior to petitioner's occupation of the cell).

Furthermore, typographical errors in the Incident Report do not amount to a violation of due process. See *Flahiff v. Cooper*, 2010 WL 1372405, *4 (D.Colo. 2010). In the instant case, the cell number was written correctly in the IR along with the reporting officer's statement that the cell referred to was petitioner's cell. The

---

4   Inmates may even be held to possess items jointly. See *Giles v. Hanks*, 72 Fed.Appx. 432, 433-34 (7th Cir. 2003)(unpublished)(finding that even if one occupant of a cell concedes ownership of contraband the other occupant may also be held accountable because two individuals may exercise joint possession)(citing *United States v. Alanis*, 265 F.3d 576, 592 (7th Cir. 2001)); *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir. 1990)(concluding that prisoner could not prevail in an action under 42 U.S.C. § 1983 where he was held accountable for contraband found in a shared locker even after his cellmate admitted to placing the contraband into the locker).

transposition of digits in the cell number in another section of the IR does not render this evidence unreliable. The designation of U, which petitioner himself explains as indicating upper as opposed to lower bunk, in no way contradicts the location of the cell phone.

Based on the foregoing, the court finds that this matter is subject to dismissal because Mr. Joseph fails to state a claim of denial of due process in the disciplinary proceedings.

**SUPPLEMENT TO PETITION**

Over a month after this habeas corpus petition was filed, petitioner submitted a document entitled "Attachment to Writ," in which he continues to allege facts and make arguments in support of his petition. The foregoing findings of the court are not contradicted by the mainly repetitive statements in petitioner's supplement.

In this supplement, petitioner requests additional relief in the form of restoration of phone privileges, visitation, and "true links" as well as punitive damages in the amount of $50,000 for injury to him and his family. Petitioner does not allege that the restorations he seeks are of privileges that were taken away as sanctions in the challenged disciplinary action. In any event, the revocation of privileges as a sanction in disciplinary proceedings does not implicate due process. It follows that petitioner has not shown that he is entitled to this additional relief. Furthermore,

the only relief properly requested in a habeas corpus petition is release from or shortened confinement. Money damages are not properly sought in a habeas action.[5]

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to satisfy the filing fee prerequisite by either paying the fee of $5.00 or submitting a properly completed and supported motion for leave to proceed in forma pauperis on court-provided forms.

**IT IS FURTHER ORDERED** that within the same thirty-day period, petitioner is required to show cause why this action should not be dismissed for failure to state a claim under 28 U.S.C. § 2241.

The clerk is directed to send IFP forms to petitioner.

**IT IS SO ORDERED.**

**DATED: This 23rd day of October, 2013, at Topeka, Kansas.**

                                                          **s/RICHARD D. ROGERS**
                                                          **United States District Judge**

---

5    In order to seek money damages based upon conditions of confinement, including denial of phone and visitation privileges, an inmate must file a civil rights complaint. The statutory fee for a civil rights complaint is $400.00, or $350.00 if the inmate is granted leave to proceed without prepayment of fees. Even if the inmate is granted leave to proceed without prepayment of fees, he remains obligated to pay the filing fee in full, but is allowed to do so in installments through payments automatically deducted from his inmate account. Furthermore, denial of privileges to a prison inmate does not, without more, amount to a federal constitutional violation. In addition, a claim for money damages based upon sanctions imposed in a disciplinary proceeding is barred unless and until the disciplinary proceeding has been overturned through appropriate procedures.